UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASMIN BOWMAN, o/b/o K.S.,

                Plaintiff,

-v-                                      CIVIL ACTION NO. 23 Civ. 8694 (SLC)

COMMISSIONER OF SOCIAL SECURITY,                **ORDER**

                Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

On October 3, 2023, pro se Plaintiff Jasmin Bowman ("Ms. Bowman") commenced this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking review of the decision by the Commissioner of the Social Security Administration (the "Commissioner") that K.S., Ms. Bowman's daughter, was not disabled and therefore not eligible for Supplemental Security Income. (ECF No. 1 (the "Complaint")). Ms. Bowman requests that the Court "modify or reverse the decision of the [Commissioner] and grant [K.S.] maximum monthly Social Security benefits or Supplemental Security Income benefits as allowable under the Social Security Act." (Id. at 2 (the "Request")).

On December 11, 2023, the Commissioner filed the certified administrative record. (ECF No. 11 (the "Record")). Pursuant to the Court's Standing Order applicable to actions seeking judicial review of final decisions by the Commissioner, Ms. Bowman's brief in support of her requested relief was due "within 30 days after" the Commissioner filed the Record, i.e., by January 10, 2024. (ECF No. 3 at 1). The Standing Order also provides that, "if a plaintiff who is appearing pro se fails to file a brief for the requested relief within the [required] time

period . . . , the Commissioner must nonetheless file a brief and serve it on the plaintiff within 30 days after the plaintiff's brief was due[.]" (Id. at 2). "If the plaintiff disagrees with the disposition requested by the Commissioner, the plaintiff may file an opposition brief and serve it on the Commissioner within 14 days after service of the Commissioner's brief[.]" (Id.)

Ms. Bowman did not file her brief by the January 10, 2024 deadline. Accordingly, on February 9, 2024, the Commissioner filed and served his motion, arguing that the Court should deny the Request and affirm the Commissioner's denial of Ms. Bowman's applications. (ECF No. 16 (the "Commissioner's Motion")). Per the Standing Order, Ms. Bowman's response (the "Response") to the Commissioner's Motion was due by February 23, 2024. (See ECF No. 3 at 2). To date, Ms. Bowman has not filed her Response, requested an extension of time to do so, or otherwise communicated with the Court.

In light of Ms. Bowman's pro se status, the Court will afford her one final opportunity to file a Response. Accordingly, the Court ORDERS that Ms. Bowman shall file her Response by **April 3, 2024**. **Ms. Bowman is warned that her failure to file a Response will result in the Court resolving her claims based on the Commissioner's Brief alone, and may result in the Court granting the Commissioner's requested relief and dismissing this action with prejudice**.

The Commissioner shall promptly serve a copy of this Order on Ms. Bowman and file proof of service by **February 28, 2024**.

The Clerk of Court is respectfully directed to mail a copy of this Order to Ms. Bowman.

Dated:     New York, New York              SO ORDERED.
           March 4, 2024

_____
SARAH L. CAVE
United States Magistrate Judge

2